UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Viking Arm AS

                        Plaintiff,

v.                                             Case No.: 1:24−cv−01566

                                            Honorable LaShonda A. Hunt

Partnerships and Unincorporated Associations
Identified on Schedule A

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 11, 2024:

       MINUTE entry before the Honorable LaShonda A. Hunt: The Court previously entered an order [18] finding that Plaintiff had failed to meet its burden of establishing that permissive joinder of 181 defendants in this case was proper under Fed. R. Civ. P. 20(a)(2). In response, Plaintiff filed an amended complaint [19] and an amended Schedule A [19−3], which remedy the misjoinder. While the Court granted Plaintiff leave to file the amended Schedule A under seal [18], Plaintiff also filed the amended complaint [19] and the exhibits to the complaint [19−1] [19−2] under seal. Plaintiff has not established any basis for sealing these documents. See Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567−68 (7th Cir. 2000). Accordingly, the Clerk's Office is directed, forthwith, to unseal the following filings: [19], [19−1], and [19−2]. The amended Schedule A [19−3] and Plaintiff's Supplemental Response to Motion for Temporary Restraining Order [20] shall remain under seal pending further order of the Court. Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order, Asset Restraining Order, and Expedited Discovery Order and Service of Process by Email [10] is granted. Plaintiff's written submissions establish that if defendants were informed of this proceeding before a TRO could issue, assets would likely be redirected, defeating plaintiff's interests in identifying defendants, stopping the infringement, and obtaining an accounting. The Court finds that (1) the submitted evidence establishes a likelihood of success on the merits (including evidence of active infringement and sales into Illinois); (2) the harm to plaintiff is irreparable and cannot be fully compensated by money damages; (3) an injunction is in the public interest because of the consumer confusion caused by counterfeit goods and infringement interferes with Plaintiff's ability to control its intellectual property; and (4) there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it is an effective way to communicate with these online marketplace defendants. Expedited discovery is warranted to identify defendants and implement the asset freeze. If any defendant were to appear and object, the Court will revisit the asset freeze, joinder, and personal jurisdiction. A $2,000 bond is sufficient to secure the injunctive relief. Enter Sealed Temporary Restraining Order. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.