**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Viking Arm AS ) | |
| ) | Case No. 1: 24-cv-1566 |
| v. ) | |
| ) | Judge: Hon. LaShonda A. Hunt |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | Magistrate: Hon. Jeffrey Cole |
| IDENTIFIED ON SCHEDULE A ) | |
| ) | |

## **SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE coming before the Court on Plaintiff Viking Arm AS ("Viking Arm") *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief] (the "Motion") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"), and this Court having considered the Motion and the accompanying record, GRANTS Viking Arm's Motion as follows.

This Court finds that, in the absence of adversarial presentation, it has personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Viking Arm has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of Viking Arm's federally

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

registered trademarks (the "Viking Arm Trademarks") to residents of Illinois. In this case, Viking Arm has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Viking Arm Trademarks. *See* Docket No. 20, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Viking Arm trademarks. A list of the Viking Arm Trademarks is included in the below chart.

| **REGISTRATION NUMBER** | **REGISTERED TRADEMARK** | **INTERNATIONAL CLASSES** |
|---|---|---|
| 6544097 | VIKING ARM | 008 |

    This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Viking Arm has presented specific facts in the Declaration of Øivind Resch in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the Viking Arm Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing,

      advertising, offering for sale, or sale of any product that is not a genuine Viking Arm product or not authorized by Viking Arm to be sold in connection with the Viking Arm Trademarks;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Viking Arm product or any other product produced by Viking Arm, that is not Viking Arm's or not produced under the authorization, control, or supervision of Viking Arm and approved by Viking Arm for sale under the Viking Arm Trademarks;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Viking Arm, or are sponsored by, approved by, or otherwise connected with Viking Arm; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Viking Arm, nor authorized by Viking Arm to be sold or offered for sale, and which bear any of Viking Arm's trademarks, including the Viking Arm Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Viking Arm is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

  a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

5. Upon Viking Arm's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress, Alibaba, Amazon.com, DHGate, eBay, Fruugo, Joybuy, Shopify, Temu, Whaleco, Inc., Walmart, and Wish.com, and (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Viking Arm expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, AliExpress, Alibaba, Amazon.com, DHGate, eBay, Fruugo, Joybuy, Shopify, Temu, Whaleco, Inc., Walmart, and Wish.com, Ant Financial, Amazon Pay, AliPay, Stripe, or PayPal or other merchant

       account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Viking Arm's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Viking Arm Trademarks.

7. Any Third-Party Providers, including AliExpress, Alibaba, Amazon.com, DHGate, eBay, Fruugo, Joybuy, Shopify, Temu, Whaleco, Inc., Walmart, and Wish.com, Ant Financial, Amazon Pay, AliPay, Stripe, or PayPal, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

8. Viking Arm may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Tianjin Yingtong Technology and all other Defendants identified in the Complaint" that shall apply to all

Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Viking Arm must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

10. Schedule A [2-3], Amended Schedule A [19-3], Exhibit 1 to the Declaration of David Gulbransen [11-3] [11-4] [11-5] [11-6] [11-7] [11-8] [11-9] [11-10], Plaintiff's Supplemental Repsonse to Motion for Temporary Restraining Order [20], and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Within seven (7) calendar days of entry of this Order, Viking Arm shall deposit with the Court $2,000, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered on this 11th day of June, 2024 and shall remain in effect for fourteen (14) calendar days.

ENTERED:

*LaShonda A. Hunt*

_____

LaShonda A. Hunt
United States District Judge

8

# Schedule A

| Doe | Store Name | Merchant ID |
|---|---|---|
| 69 | GUANGZhOUFANGTANMAOYIYOUXIANGONGSI | AKH3L57E6NJDI |
| 97 | alexsima-18 | alexsima-18 |